**John DOE, Plaintiff,**

**Patricia J. Curto, Plaintiff–Appellant,**

v.

**ANONYMOUS UNNAMED SCHOOL EMPLOYEES AND OFFICIALS OF CORNELL UNIVERSITY COLLEGE OF VETERINARY MEDICINE and or Cornell University Whose Names are not Yet Known by the Plaintiff but Whose Names Should/Will be Known During the Course of Discovery in this Action, Jane Doe, Defendants,**

**State University of New York, State of New York, Nelson Roth, Dave Frank, Walter Lynn, Danilee Poppensiek, William Murabito, Consolidated–Defendants–Appellees,**

**Donald W. Smith, Katherine Edmondson, Hunter Rawlings III, Wendy Tarlow, Cornell University College of Veterinary Medicine, Cornell University, Robert King, Leroy Rooker, Rod Paige, United States Department of Education, Defendants–Appellees.**

No. 03–6086.

United States Court of Appeals, Second Circuit.

Feb. 12, 2004.

Patricia J. Curto, Orchard Park, NY., for Plaintiff–Appellant, pro se.

David Axinn, Assistant Solicitor General, New York, NY, Eliot Spitzer, Attorney General of the State of New York, and Deon Nossel, Senior Assistant Solicitor General, for New York State Defendants–Appellees.

Valerie L. Cross, Ithaca, N.Y. (Nelson E. Roth, Wendy E. Tarlow, on the brief), for Nelson Roth, Dave Frank, Walter Lynn, and Danilee Poppensiek.

Valerie L. Cross, Ithaca, N.Y. (Nelson E. Roth, Wendy E. Tarlow, on the brief), for Donald W. Smith, Katherine Edmondson, Hunter Rawlings III, Wendy Tarlow, Cornell University College of Veterinary Medicine, and Cornell University.

Charles E. Roberts, Assistant United States Attorney, Syracuse, N.Y. (Glenn T. Suddaby, United States for the Northern

District of New York), Attorney for Federal Appellees, for Defendants–Appellees.

Present: JACOBS, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Patricia J. Curto's appeal from the judgment of the district court be **AFFIRMED** in part and **DISMISSED** in part.

Plaintiff Patricia J. Curto ("Curto"), *pro se*, was expelled from the College of Veterinary Medicine (the "College") at Cornell University in December 1998 after twice failing the same introductory anatomy course. After her expulsion, Curto was banned from the College's facilities. At Curto's request, a former faculty member reviewed one of her failing exams and, in the course of this review, was informed by the College of Curto's failing anatomy grade. Curto complained to the United States Department of Education, which concluded that this disclosure violated the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232(g). Curto then brought a number of claims in federal district court.

Curto challenges the March 12, 2003 dismissal of her claims in the United States District Court for the Northern District of New York (Scullin, *C.J.*). The district court dismissed Curto's claims under 42 U.S.C. §§ 1983, 1985 and FERPA, dismissed as well Curto's state law claims under 28 U.S.C. § 1367(c), and ruled that her claims of age and sex discrimination by various New York state employees in violation of Title IX of the Civil Rights Act of 1964 ("Title IX") and the Age Discrimination Act (the "ADA") were barred by the Eleventh Amendment.

### Dismissal of § 1983 and FERPA Claims in *"Curto I"*

In light of the Supreme Court's recent holding that FERPA's nondisclosure provisions "create no rights enforceable under § 1983," *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290–91, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002), we affirm the dismissal of Curto's claims under 42 U.S.C. § 1983 and FERPA against the College, Cornell University, Donald Smith, Katherine Edmondson, Hunter Rawlings III, and Wendy Tarlow (collectively, the "Cornell Defendants") and the dismissal of similar claims by Curto against the United States Department of Education, Rod Paige, and Leroy Rooker. We affirm the dismissal of Curto's § 1983 and FERPA claims against the State University of New York and Robert King upon substantially the same Eleventh Amendment grounds stated by the district court in its Order. All of the foregoing claims were referred to in the district court's Order as *"Curto I."*

### Dismissal of Claims Against State Parties and State Employees in *"Curto II"*

The district court dismissed Curto's claims under Title IX and the ADA against the State University of New York, the State of New York, Robert King, and Richard Mills. These claims were part of the group of claims referred to in the district court's Order as *"Curto II."* We affirm the dismissal of the claims against these defendants upon substantially the same Eleventh Amendment grounds stated by the district court in its Order.

### Dismissal of Tile IX and ADA Claims in *"Curto III"*

We affirm the dismissal of Curto's claims under Title IX and the ADA against the Cornell Defendants, Nelson Roth, Dave Frank, Walter Lynn, Danilee Poppensiek, the State University of New York, the State of New York, Robert King, and William Murabito for substantially the

same reasons stated by the district court in its Order. The foregoing claims were referred to in the district court's Order as *"Curto III."*

For the foregoing reasons, the district court's dismissal of these claims is hereby AFFIRMED.

### Dismissal of Claims Against Cornell Defendants and Nelson Roth in *"Curto II"*

In its Order, the district court ruled that some of Curto's Title IX and ADA claims against the Cornell Defendants and Nelson Roth might be viable. It ordered Curto to file an amended complaint that (i) stated her Title IX claims with particularity, and (ii) established that she had exhausted her administrative remedies with regard to her ADA claims.

In August 2003, after Curto had already filed her appeal from the dismissal of her other claims, the district court dismissed Curto's Title IX and ADA claims against the Cornell Defendants and Nelson Roth. Curto is contesting the dismissal of these claims in a separate appeal to the Court, docketed as No. 04–0395. Although this Court may exercise jurisdiction over this appeal, *see IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054–55 (2d Cir.1993) ("[A] premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice.") (internal quotation marks omitted), in order that the parties may brief the issues relevant to that appeal, we decline to do so. To the extent that Curto appeals from the district court's August 2003 dismissal of the Title IX and ADA claims against the Cornell Defendants and Nelson Roth, her appeal is hereby DISMISSED without prejudice.

We have reviewed the other arguments raised by Curto in the appeal docketed as No. 03–6086, including her appeal of the dismissal of her state law claims and her appeal of the dismissal of her claims under 42 U.S.C. § 1985. We find these arguments to be without merit.

For the foregoing reasons, Curto's appeal from the judgment of the district court is hereby DISMISSED in part without prejudice, and in remaining part is AFFIRMED.