392 F.3d 502
 Patricia J. CURTO, Plaintiff-Appellant,
v.
Dr. Katherine EDMUNDSON, Dr. Hunter Rawlings, III, Cornell University, Richard P. Mills, Jane/John Doe, NYS Education Department, Dr. Donald Smith, Nelson Roth, New York State College of Veterinary Medicine at Cornell University, Defendants-Appellees.
 No. 04-0395.
 United States Court of Appeals, Second Circuit.
 Argued: December 13, 2004.
 Decided: December 17, 2004.
 
 Patricia J. Curto, pro se, Orchard Park, New York.
 Valerie L. Cross, Cornell University, Office of the University Counsel, Ithaca, New York, for Defendants-Appellees.
 Before: FEINBERG, STRAUB, and RAGGI, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Patricia J. Curto appeals from an order of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., Chief Judge) dismissing her amended complaint against the Cornell defendants, and denying Curto's motion for Rule 11 sanctions.[1] Curto alleges that her expulsion from the New York State College of Veterinary Medicine at Cornell University was based on her age and gender in violation of the Age Discrimination Act ("ADA") and Title IX of the Education Amendments of 1972 ("Title IX").
 
 
 2
 We review de novo a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) or 12(b)(1). Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir.1997). Such dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotation marks omitted).
 
 
 3
 We affirm the District Court's dismissal of Curto's claims for the reasons stated by the District Court.[2] First, the District Court properly dismissed Curto's ADA claim, because there is no evidence in the record that Curto exhausted her administrative remedies prior to filing her ADA claim in federal court. See 28 C.F.R. § 42.736(a). We also affirm the District Court's dismissal of Curto's Title IX claim predicated on the allegedly discriminatory assessments of the 1998 "Block I" exam, and her consequent expulsion from the veterinary program. The District Court correctly concluded that because Curto failed to allege that male students who, like she, had twice failed a required exam had not been expelled similarly from the veterinary program, she had failed to state a cause of action for discrimination under Title IX.
 
 
 4
 To the extent that Curto's complaint can be read to allege an independent Title IX claim based on discriminatory grading of the 1997 exam, we agree with the District Court that such a claim is time-barred. Title IX does not contain a statute of limitations. Accordingly, for claims such as these to which the four-year federal catch-all statute of limitations in 28 U.S.C. § 1658(a) is inapplicable, see Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 124 S.Ct. 1836, 1845, ___ L.Ed.2d ____ (2004), we must apply "the most appropriate or analogous state statute of limitations," Goodman v. Lukens Steel Co., 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). While we have not yet had occasion to determine the appropriate statute of limitations for Title IX claims, our sister circuits that have confronted the issue have concluded that Title IX claims are most closely analogous to personal injury actions and, therefore, have borrowed the state statute of limitations for personal injury actions. See M.H.D. v. Westminster Sch., 172 F.3d 797, 803 (11th Cir.1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 728-29 (6th Cir.1996); Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 618 (8th Cir.1995); Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 77-78 (3d Cir.1989). This conclusion accords with our own practice of borrowing the state statute of limitations for personal injury actions for analogous federal discrimination actions brought pursuant to 42 U.S.C. §§ 1981 and 1983. See, e.g., Okure v. Owens, 816 F.2d 45, 49 (2d Cir.1987), aff'd, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (§ 1983); Tadros v. Coleman, 898 F.2d 10, 12 (2d Cir.) (per curiam), cert. denied, 498 U.S. 869, 111 S.Ct. 186, 112 L.Ed.2d 149 (1990) (§ 1981); cf. Morse v. Univ. of Vermont, 973 F.2d 122, 126 (2d Cir.1992) (acknowledging that "the federal trend [for claims brought under Title VI] is to look to the statute of limitations used in analogous federal discrimination actions such as those brought under 42 U.S.C. §§ 1981 and 1983"). In New York, personal injury claims must be filed within three years from the time the cause of action accrued. N.Y. C.P.L.R. § 214(5). Curto commenced this action in November 2001. Thus, all claims that accrued prior to November 1998, which includes claims related to the November 1997 exam, are time-barred.
 
 
 5
 Curto attempts to change this result by arguing that the time- barred events in 1997 were part of a continuing pattern of discrimination. Even were the 1997 events part of a continuing pattern of discrimination, the only injury Curto suffered was her expulsion from the Veterinary College in 1998. This argument gets Curto only so far as introducing the facts concerning the 1997 exam as relevant "background evidence in support of [the] timely claim [based on the 1998 expulsion]." Petrosino v. Bell Atlantic, 385 F.3d 210, 220 (2d Cir.2004) (noting that termination claims under Title VII are discrete claims, but that evidence of previous promotion denials outside the limitations period may be relevant background evidence).[3] But because, as discussed above, the claim based on the 1998 exam fails for independent reasons, the background facts are irrelevant. Alternatively, if the complaint is read as stating a separate Title IX claim based on the allegation that the 1997 exam was administered in a discriminatory manner, then that claim is properly dismissed as untimely.
 
 
 6
 Finally, we conclude that the District Court did not exceed its allowable discretion in denying Curto's motion for sanctions against the Cornell defendants. See Morley v. Ciba-Geigy Corp., 66 F.3d 21, 24 (2d Cir.1995).
 
 
 7
 We have considered all of Curto's arguments on appeal and find them to be without merit. Accordingly, we affirm the judgment of the District Court dismissing Curto's complaint.
 
 
 
 Notes:
 
 
 [1]
 The District Court previously dismissed Curto's claims against the State of New York, the State University of New York, Mills, and the New York State Education Department. Curto previously appealed the dismissal of her ADA and Title IX claims against these defendants, and we affirmed the district court by summary orderDoe v. Anonymous Unnamed Sch. Employees & Officials of Cornell Univ. Coll. of Veterinary Med., 87 Fed.Appx. 788 (2d Cir.2004). The remaining defendants-appellees are collectively known as the Cornell defendants.
 
 
 [2]
 We reject Curto's argument that her pendent state law claims were improperly dismissed by the District Court. Curto included these claims in her amended complaint, in violation of the District Court's order, and they were thereafter dismissed by order of the District Court, pursuant to its authority under Federal Rule of Civil Procedure 41(b)
 
 
 [3]
 "Because the statutes share the same goals and because Title IX mirrors the substantive provisions of Title VI of the Civil Rights Act of 1964, courts have interpreted Title IX by looking to the body of law developed under Title VI, as well as the caselaw interpreting Title VII."Yusuf v. Vassar Coll., 35 F.3d 709, 714 (2d Cir.1994) (internal citations omitted).