**Rose Standish WELLINGS–CRISPIN, also known as Rose Standish Wellings Plaintiff–Appellant,**

v.

**Jeanne A. COMPITELLO, Michael L. Compitello Defendants–Appellees.**

**No. 03–7887.**

United States Court of Appeals, Second Circuit.

Feb. 16, 2005.

Rose Standish Wellings–Crispin, Hampton Bays, NY, for Appellant, pro se.

Bill Tsevis, Solomon & Siris, P.C., Uniondale, NY, for Appellee.

Present: WINTER, POOLER, Circuit Judges, and BRIEANT, District Judges.*

## SUMMARY ORDER

Plaintiff-appellant appeals from a dismissal for failure to state a claim of her claims for identity theft and violations of her constitutional property rights. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

Under the *Rooker–Feldman* doctrine, we have no appellate jurisdiction over state court judgments. *Mitchell v. Fishbein*, 377 F.3d 157, 165 (2d Cir.2004). Thus, to the extent that appellant challenges a judgment of the New York Supreme Court, neither we nor the district court have jurisdiction.

We review a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. *Curto v. Edmundson*, 392 F.3d 502, 503 (2d Cir. 2004) (per curiam). While the district court incorrectly stated that it dismissed pursuant to 28 U.S.C. § 1915A, we will conduct our review under the standards of Rule 12(b)(6).

As to the identity fraud claims, the complaint contains no allegations that bear any relation to identity fraud, and in any case relies on statutes that are not privately enforceable. *See* 18 U.S.C. § 1028; 26 U.S.C. § 1031. As to the civil rights claim, it is well established that an action under 42 U.S.C. § 1983 must be based on some state action. *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 229. Wellings–Crispin has not identified any connection of the Compitellos to any state. Her claims were therefore correctly dismissed.

We also deny Wellings–Crispin's motions to submit additional exhibits concerning her property rights and to include additional materials for oral argument, as they would not change the above analysis. We do not reach the issue of whether personal jurisdiction was ever asserted over the Compitellos.

For the above reasons, the judgment of the district court is affirmed.

---

* The Honorable Charles L. Brieant, of the United States District Court for the Southern District of New York, sitting by designation.