Derrick COLEMAN, Plaintiff–
Appellant

v.

George E. PATAKI, Defendant–
Appellee.

No. 05–1559–cv.

United States Court of Appeals,
Second Circuit.

Feb. 3, 2006.

Derrick Coleman, Albion, N.Y. (on sub-
mission), for Plaintiff–Appellant, pro se.

Elliot Sptizer, Attorney General of the
State of New York; Daniel Smirlock, Dep-
uty Solicitor General; Charles D. Stein-
man, Assistant Attorney General (on sub-
mission), for Defendant–Appellee.

PRESENT: Hon. RICHARD J.
CARDAMONE, Hon. JOSEPH M.
McLAUGHLIN, and Hon. B.D. PARKER,
Circuit Judges.

SUMMARY ORDER

Derrick Coleman appeals from the judg-
ment of the United States District Court
for the Western District of New York
(Larimer, J.) dismissing claims brought
pursuant to 42 U.S.C. § 1983 alleging that
portions of a state law were unconstitu-
tional. We review *de novo* the district
court's dismissal pursuant to Rule 12(b)(1).
*Curto v. Edmundson,* 392 F.3d 502, 503
(2d Cir.2004). We also review *de novo* the
district court's application of the *Rooker–
Feldman* doctrine "[b]ecause Rooker–
Feldman goes to subject-matter jurisdic-
tion." *Hoblock v. Albany County Bd. of
Elections,* 422 F.3d 77, 83 (2d Cir.2005).
Familiarity with the record below and is-
sues on appeal is presumed.

146

This case is "brought by [a] state-court loser[ ] complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 125 S.Ct. 1517, 1521–1522, 161 L.Ed.2d 454 (2005). The Supreme Court has held this is precisely the type of case to which the *Rooker–Feldman* doctrine applies. *Id.*

A New York state court ordered a freeze of Coleman's inmate account pursuant to New York Executive Law § 632–a, known as the Son–of–Sam Law, making the funds available to satisfy any judgment against Coleman in his victim's favor. The victim obtained a default judgement against Coleman, an inmate who was convicted of attempted murder. Coleman then brought this 42 U.S.C. § 1983 action in the district court alleging that the portions the Son–of–Sam law which permitted the freezing of his account were unconstitutional. The District Court dismissed the complaint.

In *Hoblock v. Albany County Bd of Elections,* this court set out the four requirements of the Rooker–Feldman doctrine in light of *Exxon*: (1) "the federal-court plaintiff must have lost in state court"; (2) "plaintiff must complain of injuries caused by a state-court judgment"; (3) "plaintiff must invite district court review and rejection of that judgment"; and (4) the "state court judgment must have been rendered before the district court proceedings commenced." 422 F.3d at 85 (internal quotations omitted).

Although the district court's reasoning did not follow the clarified guidelines set out in *Exxon* and *Hoblock,* the court reached the correct result. Because this case meets the requirements set out in *Hoblock* and *Exxon,* we hold that the *Rooker–Feldman* doctrine applies and consequently, there was no federal jurisdiction.

As this court has explained, "[j]ust presenting in federal court a legal theory not raised in state court [ ] cannot insulate federal plaintiff's suit from Rooker–Feldman if the federal suit nonetheless complains of injury from a state-court judgment and seeks to have that judgment reversed." 422 F.3d at 86. We have considered Coleman's remaining contentions and find them to be without merit.

Accordingly, the judgment of the District Court is hereby affirmed.