**Michael W. CIOCE, Corrections Officer,**

v.

**The COUNTY OF WESTCHESTER, Westchester County Department of Corrections, Rocco Pozzi, Dept. of Corrections Commissioner, Charles Spencer, Former Dept. of Corrections Commissioner, Defendants–Appellees.**

No. 06–2415–cv.

United States Court of Appeals, Second Circuit.

Dec. 1, 2006.

Michael W. Cioce, pro se, Poughkeepsie, NY, for Appellant.

Charlene M. Indelicato, County Attorney for the County of Westchester, White Plains, N.Y. (Mary Lynn Nicolas, of counsel; Stacey Dolgin–Kmetz, on the brief), for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT D. SACK, Circuit Judge, and Hon. LOUIS F. OBERDORFER, District Judge.*

### SUMMARY ORDER

Michael Cioce appeals from a judgment of the United States District Court for the Southern District of New York (Brieant, J.), dismissing his complaint and denying his motion to reconsider. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Cioce raises four issues on appeal.

■ 1. *Notice of the Hearing.* Cioce claims that he did not receive notice of the January 27, 2006, hearing. His receipt of notice is evidenced by his request that the hearing be adjourned. The district court denied his request, and Cioce does not challenge that decision.

■ 2. *Consideration of the Motion to Dismiss.* The district court's prior dismissal of Cioce's claims was based on its conclusion that Cioce had failed to prosecute the action; it was not a decision on the merits of the County's December 2003 motion to dismiss. Following this Court's vacatur of the dismissal for failure to prosecute (and remand for further proceedings), it was not error for the district court to consider the County's 2003 motion. Cioce's sole challenge is that the County allegedly sought to revive the motion by ex parte communication. This communication did not concern the merits of the motion, was revealed to Cioce, and did not result in prejudice because Cioce was provided with an opportunity to oppose.

■ 3. *Statute of Limitations.* The complaint was filed in September 2003. The statute of limitations for claims under § 1983 and the New York State Human Rights Law ("NYSHRL") is three years in New York. *See Curto v. Edmundson,* 392 F.3d 502, 504 (2d Cir.2004) (for § 1983); *Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 907 (2d Cir.1997) (for NYSHRL). Cioce's brief points to no allegation of discriminatory action occurring after September 2000.

■ 4. *ADA Claims.* The district court dismissed Cioce's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* because he did not allege pervasive conduct. "We need not affirm for the reasons expressed by the district court but may affirm on any ground supported by the record." *McNally Wellman Co. v. New York State Elec. & Gas Corp.,* 63 F.3d 1188, 1194 (2d Cir.

---

* The Honorable Louis F. Oberdorfer, United States District Court for the District of Columbia, sitting by designation.

1995). Accordingly, we affirm substantially for the reasons given by Judge Baer in *Cioce v. County of Westchester,* No. 02 Civ. 3604, 2003 WL 21750052 (S.D.N.Y. July 28, 2003). In any event, these claims were previously litigated and re-litigation is barred by the doctrine of res judicata. As to Title VII: We concur in Judge Baer's assessment that Cioce so labels his claims "on the mistaken belief that the ADA is a subset of Title VII." *Cioce,* 2003 WL 21750052, at *3 n. 5.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**