SUMMARY ORDER
Plaintiff D.T, individually and on behalf of her son J.L, appeals an award of summary judgment in favor of defendants (collectively, the “school district”) on plaintiffs race discrimination claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.,[1] and from the denial of her motion for reconsideration. We review an award of summary judgment de *699 novo, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Ollman v. Special Bd. of Adjustment No. 1063, 527 F.Sd 239, 245 (2d Cir.2008). We review a district court’s denial of a motion for reconsideration for abuse of discretion. See Harris v. Kuhlmann, 346 F.3d 330, 348 (2d Cir.2003). We assume the parties’ familiarity -with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.
Title VI prohibits intentional discrimination based on race in any program that receives federal funding. See 42 U.S.C. § 2000d; Alexander v. Sandoval, 532 U.S. 275, 282-83, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001); Tolbert v. Queens Coll., 242 F.3d 58, 69 (2d Cir.2001). Under Title VI, a plaintiff may sue a school district for money damages based on alleged student-on-student harassment only if the school district “acts with deliberate indifference to known acts of harassment.” Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 633, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (emphasis added);[2] Hayut v. State Univ. of N.Y., 352 F.3d 733, 750 (2d Cir.2003) (holding that deliberate indifference claim requires proof that defendants (a) had actual notice of the harassment, and (b) failed to respond adequately).
1. Weiler Affidavit Alleging Discrimination of Another Student
To demonstrate that defendants had actual notice of students’ racial harassment of J.L., plaintiff produces (a) an affidavit by psychologist Marc Weiler, and (b) an email from the father of another biracial child to, inter alia, the superintendent of the Somers schools, both of which reference student-on-student racial harassment. Plaintiff relies on our Title VII employment discrimination cases to argue that this evidence supports an “inference of discrimination.” Appellant’s Br. at 15. In the context of Title VII, where Congress has expressly provided a private right of action, 42 U.S.C. § 2000e-5(f), and authorized suits for money damages, id. § 1981a(b), an employer is deemed to have notice of discrimination when he “knew or should have known of the [discriminatory] conduct.” Murray v. New York Univ. Coll. of Dentistry, 57 F.3d 243, 249 (2d Cir.1995) (emphasis in original) (internal quotation marks omitted). In the context of the implied right of action under Title IX, however, the Supreme Court has rejected Title VII’s constructive notice standard and required evidence of actual knowledge of discrimination to hold a defendant liable for money damages. See Gebser v. Lago Vista Ind. Sch. Dist., 524 U.S. 274, 283-85, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998). Because the scope of the implied remedy under Title VI is “parallel” to that under Title IX, see id. at 286, 118 S.Ct. 1989, a Title VI claim cannot be premised merely on constructive notice. Moreover, even if complaints about discrimination against other students could provide actual notice to the school district, this case does not support such an inference because the proffered email concerns discrimination not only against a different *700 student, but at a different school in the district.
Like the district court, we conclude plaintiff has failed to adduce sufficient evidence of defendants’ actual notice of the discrimination at issue here.
2. Social Studies Incident
Although plaintiff acknowledges that the teacher with actual knowledge of an incident of racial harassment in J.L.’s social studies class failed to report that incident to his superiors as provided in the district’s protocol, plaintiff urges us to impute the teacher’s knowledge to the school district based on “agency principles.” See Appellant’s Br. at 19. The district court correctly pointed out that the Supreme Court has rejected the use of agency principles to impute liability in the student-on-student harassment context. Davis v. Monroe County Bd. of Educ., 526 U.S. at 643, 119 S.Ct. 1661 (noting express rejection of “agency principles in the Title IX context”) (citing Gebser v. Lago Vista Ind. Sch. Dist., 524 U.S. at 283, 118 S.Ct. 1989). It is not clear whether this precludes imputing knowledge. See Gebser v. Logo Vista Ind. Sch. Dist., 524 U.S. at 285, 118 S.Ct. 1989 (concluding that “it would ‘frustrate the purposes’ of Title IX to permit a damages recovery against a school district for a teacher’s sexual harassment of a student based on principles of respondeat superior ”).
Even if we were to conclude that the agency point should be resolved in plaintiffs favor, however, we would conclude that plaintiffs claim fails as a matter of law. Defendants may only be held liable for a Title VI claim of student-on-student racial discrimination when the school’s response is “clearly unreasonable in light of the known circumstances.” Davis v. Monroe County Bd. of Educ., 526 U.S. at 648, 119 S.Ct. 1661. Clearly unreasonable is not a mere “reasonableness” standard, and there is “no reason why courts on a motion ... for summary judgment ... could not identify a response as not clearly unreasonable as a matter of law.” Id. at 649, 119 S.Ct. 1661. Furthermore, the deliberate indifference must subject a student to harassment, “that is, the indifference must, at a minimum, cause students to undergo harassment or make them liable to or vulnerable to it.” Id. at 645, 119 S.Ct. 1661 (internal citations omitted). The record indicates that J.L.’s teacher reprimanded the alleged harasser for her actions in class and may have sent one of the two students out into the hall. Such actions preclude a finding of a clearly unreasonable response. As for future harassment, the teacher did not recall any further incidents that developed between J.L. and his harasser after the reprimand. The teacher testified that J.L. and his harasser had “unpleasant comments” but could not recollect the content of the comments. See Dono Dep. at 9. This testimony, if credited at trial, could well defeat the actual knowledge element. In reviewing a decision on a motion for summary judgment, however, we must assume that the teacher heard the racial epithet.
Even with this assumption, plaintiffs claim fails because there are no facts to support the conclusion that the teacher’s actions in responding to conduct in his classroom “effectively caused” the subsequent harassment in the cafeteria as is required for a claim under Title VI. Id. at 642-43, 119 S.Ct. 1661. We therefore conclude that defendants were not deliberately indifferent to the social studies classroom incident.
3. Cafeteria Incident
Plaintiff alleges that defendants’ “dismiss[al]” of the cafeteria incident, Appellant’s Br. at 25, manifests deliberate indifference to race discrimination suffered by J.L. See Hayut v. State Univ. of N.Y., *701 352 F.3d at 751. The record does not support such an inference. Plaintiff spoke with assistant principal Irene Perrella and met with principal Linda Horisk. Perrella also questioned the teacher who was supervising the cafeteria at the time, and he advised her that “a group of kids who regularly sit together at the same lunch table [were] fooling ai’ound and that in the course of fooling around one boy ... was tapping the other student [ie., J.L.] on the head.” See Perrella Dep. at 33. The teacher “didn’t feel that there was any malicious intent.” Id. Perrella herself “kept an informal eye on J.L.” for the rest of the school year, id. at 36, during which time she saw J.L. continue to eat lunch with the students allegedly involved in the cafeteria incident, apparently without further problem. Because plaintiff has not adduced any evidence that Perrella’s investigation revealed otherwise, the eonclusory complaint that Perrella deliberately refused to view the charged harassment as a racial incident is insufficient to support a finding of deliberate indifference. Nor is a question of deliberate indifference raised by the School District’s failure to discipline any student involved in the incident given plaintiff’s own decision not to file a complaint about it, even after being advised of her right to do so.
In sum, even viewing the facts in the light most favorable to plaintiff, a reasonable jury could not conclude that the school’s investigation was “clearly unreasonable in light of known circumstances,” the standard necessary to establish deliberate indifference. Hayut v. State Univ. of N.Y., 352 F.3d at 751. We therefore conclude that defendants were not deliberately indifferent to the cafeteria incident.
4. J.L. ’s Suspension
Plaintiff submits that the circumstances surrounding J.L.’s 2005 suspension support an inference of deliberate indifference to race discrimination. We disagree. J.L. received two hearings and an appeal to the New York State Commissioner of Education (the “Commissioner”) in connection with the school’s decision to suspend him for theft. The Commissioner’s decision notes that J.L. introduced evidence of “anger and frustration over the 2004 [cafeteria] assault and [the school’s alleged] failure to adequately address the situation,” Appeal of D.T. at 2, but ultimately concludes that these circumstances “would not have justified J.L.’s participation in the 2005 theft,” id. at 3. Like the district court, we conclude that defendants’ imposition of the 2005 suspension would not support a finding of deliberate indifference to student harassment.
Because we conclude that the district court properly entered summary judgment in favor of defendants on plaintiffs Title VI claims, we also identify no abuse of discretion in the denial of plaintiffs motion for reconsideration. We have considered plaintiffs other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the judgments of the district court.

. The district court also entered summary judgment in favor of defendants on plaintiff's discrimination claims under 42 U.S.C. § 1983 and New York state law. Because plaintiff does not specifically raise these claims on appeal, we deem any such challenges waived. See Norton v. Sam’s Club, 145 F.3d 114, 117 (2d Cir.1998). We therefore have no occasion here to decide whether Congress intended to allow for parallel and concurrent claims under Title VI and § 1983. Cf. Fitzgerald v. Barnstable Sch. Comm., - U.S. -, 129 S.Ct. 788, 172 L.Ed.2d 582 (2009) (allowing parallel and concurrent § 1983 claim when plaintiff sued under Title IX), abrogating Bruneau ex rel. Schofield v. S. Kortright Cent. Sch. Dist., 163 F.3d 749 (2d Cir.1998).

. Davis involved claimed sexual harassment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. Because Title VI and Title IX use parallel language, we construe them similarly. See Barnes v. Gorman, 536 U.S. 181, 185, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002); accord Curto v. Edmundson, 392 F.3d 502, 504 n. 3 (2d Cir.2004). Indeed, plaintiff does not dispute that the principles announced in Title IX cases, including Davis and Gebser v. Lago Vista Independent School District, 524 U.S. 274, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998), govern here.