08-4727-cv
Strujan v. Lehman College

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of January, two thousand ten.

PRESENT: PIERRE N. LEVAL,
        RICHARD C. WESLEY,
           *Circuit Judges*,
        JOHN GLEESON,[*]
           *District Judge*.

_____

Elena Strujan,

     *Plaintiff-Appellant*,

     v.                   08-4727-cv

Lehman College, Dr. Ricardo R. Fernandez,
Dr. Vincent Zucchetto, Dr. Edward Kennelly,
Dr. Dwight Kincaid, Dr. Robert Bradley,
John/Jane Doe,

     *Defendants-Appellees*.[**]

_____

_____

[*]The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

[**]The Clerk of Court is directed to amend the official caption as noted to reflect the correct spelling of Lehman College.

APPEARING FOR APPELLANT: ELENA STRUJAN, *pro se*, New York, NY.

APPEARING FOR APPELLEES: PATRICK J. WALSH, Assistant Solicitor General, for Andrew Cuomo, Attorney General of the State of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Elena Strujan, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*), granting summary judgment in favor of Appellees in Appellant's action brought under Title IX of the Civil Rights Act of 1972 ("Title IX"), 20 U.S.C. § 1681, *et seq.*, the Age Discrimination Act of 1975 ("ADEA"), 42 U.S.C. § 6101, *et seq.*, Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d, *et seq.*, and New York law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the

2

moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

For substantially the same reasons stated by the district court, we conclude that, even drawing all permissible factual inferences in her favor, summary judgment was appropriate on Appellant's Title IX claim because she failed to demonstrate any conduct by the defendants that would be "sufficiently severe or pervasive to alter the conditions of . . . [her] educational environment." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 745 (2d Cir. 2003) (internal quotation marks omitted). Nor did she identify, for purposes of her Title VI claim, any federally-funded program that subjected her to discrimination. With respect to her ADEA claim, Appellant failed to exhaust her administrative remedies. *See Curto v. Edmundson*, 392 F.3d 502, 503 (2d Cir. 2004) (citing 28 C.F.R. 42.736(a)).

Even if Appellant's pleadings were liberally construed as raising claims under the Due Process Clause of the Fourteenth Amendment or the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, those claims, too, would fail. Where, as here, we "are asked to review the substance of a

3

genuinely academic decision, . . . [we] should show great respect for the faculty's professional judgment . . . [and] not override it unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985). There is no indication in the record of any substantial departure from the school's published policies and procedures with respect to grade appeals, withdrawal from courses, or academic probation.

Insofar as Appellant characterizes her request to withdraw from a course as a "reasonable accommodation" for her disability, Appellant did not demonstrate that she was disabled within the meaning of the Americans with Disabilities Act — the record does not reflect she possessed any mental or physical impairment that substantially limited a major life activity such as learning. *See* 42 U.S.C. § 12102. Appellant claimed that her condition only prevented her from continuing in this particular course, and she was successful in her other courses. *See* 29 C.F.R. 1630.2(j)(3)(i) ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.").

4

It was proper for the district court to decline to exercise supplemental jurisdiction over Appellant's state law claims.  *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

We have carefully considered Appellant's remaining claims and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk