09-1143-cv
Kitchen v. Phipps Houses Group of Cos.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of June, two thousand ten.

PRESENT:   JOSEPH M. McLAUGHLIN,
                        CHESTER J. STRAUB,
                        REENA RAGGI,
                                              *Circuit Judges.*

-----------------------------------------------------------------------
WILLIAM KITCHEN,
                                              *Plaintiff-Appellant*,

                        v.                                                         No. 09-1143-cv

PHIPPS HOUSES GROUP OF COMPANIES, PHIPPS HOUSES SERVICES INC., 1691 FULTON AVENUE ASSOCIATE LP, CROTONA PARK WEST HOUSING DEVELOPMENT FUND CORPORATION, LYNDA SIMMONS HOMES, CITY OF NEW YORK DEPARTMENT OF BUILDINGS, CITY OF NEW YORK DEPARTMENT OF ENVIRONMENTAL PROTECTION, C.E.O. ADAM WEINSTEIN, GEORGE MORRIS-Worker, HOUSING PRESERVATION DEVELOPMENT,
                                              *Defendants-Appellees*,

CROTONA ESTATES ASSOCIATES, CRESCENT EASTERN CONSTRUCTIONS CORP, HON. J. KLEIN, CIVIL COURT OF THE CITY OF

NEW YORK, FJC SECURITY, PRC MANAGEMENT,
                              *Defendants*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:     WILLIAM KITCHEN, *pro se*, New York, New York.

APPEARING FOR APPELLEES:     JAMES W. WELLER (Joseph J. Ortego, *on the brief*), Nixon Peabody LLP, Jericho, New York, *for Defendants-Appellees Phipps Houses Group of Companies, Phipps Houses Services, Inc., 1691 Fulton Avenue Associates L.P., Crotona Park West Housing Development Fund Corporation, Lynda Simmons Homes, Adam Weinstein and George Morris*.

MORDECAI NEWMAN, Assistant Corporation Counsel (Larry A. Sonnenshein, Assistant Corporation Counsel, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York, *on behalf of Defendants-Appellees New York City Department of Buildings, New York City Department of Environmental Protection, and New York City Department of Housing Preservation and Development*.

Appeal from the United States District Court for the Southern District of New York (Denny Chin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on February 4, 2009, is AFFIRMED.

Pro se plaintiff William Kitchen appeals the dismissal of his complaint alleging that the condition of his former apartment and his treatment in a state landlord-tenant proceeding violated his rights under federal and state law. We review the challenged dismissal de novo,

2

see Morrison v. City of New York, 591 F.3d 109, 112 (2d Cir. 2010); Curto v. Edmundson, 392 F.3d 502, 503 (2d Cir. 2004), assuming the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Upon independent review of the record, we conclude, for substantially the reasons stated by the district court, see Kitchen v. Phipps Houses Group of Cos., No. 08 Civ. 4296, 2009 WL 290470 (S.D.N.Y. Feb. 5, 2009), that Kitchen's complaint was properly dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

To avoid dismissal under Rule 12(b)(6), Kitchen was required to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Construing Kitchen's complaint liberally, as we must, accepting all factual allegations as true, and drawing all reasonable inferences in his favor, see Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009) (applying Twombly and Iqbal to pro se complaint), we conclude that Kitchen has failed to satisfy this pleading burden.[1]

Although Kitchen alleges various health and maintenance problems at his former apartment and dissatisfaction with landlord-tenant proceedings, he fails to assert any facts

---

[1] Because Kitchen's federal claims cannot survive a Rule 12(b)(6) motion to dismiss, we need not consider whether the claims are also barred by the Rooker-Feldman doctrine.

3

that plausibly link these circumstances to his race or disability. Indeed, Kitchen does not even identify his disability. Kitchen's conclusory discrimination claims – which appear to be brought under 42 U.S.C. § 1983 – were therefore properly dismissed.[2]

Because the district court properly dismissed Kitchen's federal claims,[3] we identify no abuse of discretion in its dismissal of his state law claims. See New York Mercantile Exch., Inc. v. IntercontinentalExch., Inc., 497 F.3d 109, 113 (2d Cir. 2007) (reviewing decision declining to exercise supplemental jurisdiction for abuse of discretion); Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994) (noting that where federal claims in action premised on federal question jurisdiction "are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well" (internal quotation marks omitted)).

---

[2] To the extent Kitchen now invokes the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as the basis for his complaint, that claim is being raised for the first time on appeal and, therefore, is not properly before the court. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132 (2d Cir. 2008). In any event, to the extent that statute focuses on discrimination in employment, it is not applicable to Kitchen's case. It is possible that Kitchen intended to reference the Civil Rights Act of 1968, also known as the Fair Housing Act, 42 U.S.C. § 3601 et seq. Kitchen's claim fares no better under that statute than under § 1983. In either case, he must plead some facts that plausibly link his housing maintenance concerns or dissatisfaction with landlord-tenant proceedings to race or disability bias. He has not done so.

[3] Insofar as Kitchen invoked the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 et seq., at oral argument, no such claim was raised in the district court. The claim is therefore waived. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d at 132.

4

We have considered Kitchen's remaining arguments on appeal and conclude that they are without merit.  For the foregoing reasons, the February 4, 2009 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court