12-4506
*Borden v. Wavecrest Mgt. Team Ltd.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand fourteen.

PRESENT:
　　　　　GUIDO CALABRESI,
　　　　　JOSÉ A. CABRANES,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　*Circuit Judges.*

_____

Randolph Borden,

　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　　　12-4506

The Wavecrest Mgt. Team Ltd., MBD Mgt. Corp.,

　　　　　*Defendants-Appellees*.

_____


**FOR PLAINTIFF-APPELLANT:**　　　Randolph Borden, *pro se*, Bronx, NY

**FOR DEFENDANTS-APPELLEES:**　　Rhonda Lisa Epstein, Hoey, King, Epstein,
　　　　　　　　　　　　　　　　　　Prezioso & Marquez, New York, NY

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Daniels, *Judge*; Maas, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Randolph Borden, proceeding *pro se*, appeals from the District Court's judgment granting the defendants' motion to dismiss his employment discrimination claim brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, against MBD Management Corp. ("MBD") and The Wavecrest Management Team, Ltd. ("Wavecrest"). The District Court dismissed the claims against MBD because they were subject to mandatory arbitration, and dismissed the claims against Wavecrest for failure to exhaust administrative remedies. Borden also appeals from an order denying reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The determination of whether parties have contractually bound themselves to arbitrate a dispute—a determination involving interpretation of state law—is subject to *de novo* review. *Chelsea Square Textiles, Inc. v. Bombay Dyeing & Mfg. Co.,* 189 F.3d 289, 295 (2d Cir. 1999). The findings upon which that conclusion is based, however, are factual and thus "may not be overturned unless clearly erroneous." *Id.* A district court's determination of the scope of an arbitration agreement is reviewed *de novo. Oldroyd v. Elmira Sav. Bank, FSB,* 134 F.3d 72, 76 (2d Cir. 1998). We review the denial of a motion for reconsideration for abuse of discretion. *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011).

2

In this Circuit, courts use a four-pronged analysis to determine whether an action is governed by an arbitration agreement: (1) "whether the parties agreed to arbitrate"; (2) the "scope" of the arbitration agreement; (3) whether the plaintiff's federal statutory claims are "nonarbitrable"; and (4) if some, but not all, of the plaintiff's claims in the case are arbitrable, "whether to stay the balance of the proceedings pending arbitration." *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004).

In this case, the District Court properly concluded that Borden's claim against MBD was subject to arbitration because: (1) there was a valid contractual arbitration agreement; (2) Borden's entire claim against MBD fell within the scope of that agreement; (3) employment discrimination claims are arbitrable; and (4) no stay was necessary, as his entire claim against MBD was arbitrable. *See id.*; *see also Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123-24 (2001) (noting that arbitration agreements are enforceable for federal and state law discrimination claims).

The District Court also properly dismissed Borden's claim against Wavecrest for failure to exhaust administrative remedies, because he failed to make any allegations against Wavecrest in either his charge with the Equal Employment Opportunity Commission or his complaint with the New York State Division of Human Rights. *See Curto v. Edmundson*, 392 F.3d 502, 503 (2d Cir. 2004) (noting that a failure to exhaust administrative remedies is a prerequisite to filing an ADA claim in federal court).

In his motion for reconsideration, Borden made numerous factual allegations regarding a meeting between MBD and his union. However, he raised these factual matters for the first time in his motion for reconsideration, and this Court "generally will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration." *Analytical*

3

*Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 53 (2d Cir. 2012) (internal quotations and alterations omitted). While enforcement of this rule is within our discretion, discretion is most often exercised when the issues in question are purely legal and thus require no fact finding. *Id.* Here, consideration of Borden's assertions would require several factual findings, which we decline to make.

We have considered Borden's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4