16-2004-cv
Irrera v. Humpherys, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand seventeen.

PRESENT:  JON O. NEWMAN,
          JOSÉ A. CABRANES,
          GERARD E. LYNCH,
                    *Circuit Judges.*

---

DR. JOSEPH IRRERA,

　　　　　　*Plaintiff-Appellant,*　　　　　　　　　　　16-2004-cv

　　　　　　v.

DR. DOUGLAS HUMPHERYS, Individually, UNIVERSITY OF ROCHESTER[*]

　　　　　　*Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**　　　　　　STEWART LEE KARLIN, Stewart Lee Karlin, Law Group PC, New York, NY.

**FOR DEFENDANTS-APPELLEES:**　　　　　　MARION BLANKOPF and Christopher D. Thomas, Nixon Peabody LLP, Rochester, NY.

---

[*] The Clerk is requested to change the official caption as above.

Appeal from an Order of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 24, 2016, Order is **AFFIRMED in part** with respect to Irrera's Title IX, New York Human Rights Law ("NYHRL"), and New York Civil Rights Law ("NYCRL") discrimination claims. In a separate opinion, filed this day, the Order is **REVERSED in part** with respect to Irrera's Title IX, NYHRL, and NYCRL retaliation claims, **and REMANDED** for further proceedings consistent with this Order.

Plaintiff-appellant Dr. Joseph Irrera, a doctoral graduate of the University of Rochester's Eastman School of Music ("Eastman"), brought an action in the District Court against the University of Rochester and Dr. Douglas Humpherys, Chairperson of Eastman's Piano Department, for violations of Title IX of the Education Amendments of 1972, the NYHRL, and the NYCRL, among other claims. Irrera alleged that Humpherys sexually harassed him, that Eastman was aware of the harassment but failed to act, and that Irrera was subject to retaliation for complaining about the harassment.

Defendants moved to dismiss Irrera's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and the District Court granted their motion. Specifically, the District Court held that some of Irrera's sexual harassment claims were barred by the applicable three-year statute of limitations, that his allegations concerning Humpherys' conduct falling within the statute of limitations period did not constitute a "continuing violation" or give rise to stand-alone discrimination or hostile educational environment claims, and that events occurring after he graduated did not amount to a plausible claim of retaliation. We consider the retaliation claim in an opinion filed this day. Having dismissed Irrera's Title IX, NYHRL, and NYCRL claims, the District Court declined to exercise supplemental jurisdiction over his remaining state law claims. On appeal, Irrera challenges the District Court's dismissal of his hostile educational environmental and retaliation claims.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[2]

---

[1] Irrera challenges the District Court's dismissal of his *quid pro quo* sexual harassment claim only in his reply brief, and we therefore consider the claim abandoned. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

[2] We review *de novo* "a district court's dismissal of a complaint pursuant to [Federal Rule of Civil Procedure] 12(b)(6) . . . [,] accept[ing] all well-pleaded allegations in the complaint as true, [and] drawing all reasonable inferences in the plaintiff's favor." *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010).

Title IX affords "a remedy to a student who is subjected to sexual harassment by a teacher or professor at an educational institution receiving federal funds." *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 88–89 (2d Cir. 2011). A plaintiff can establish a hostile educational environment claim under Title IX if he demonstrates "that he subjectively perceived the environment to be hostile or abusive and that the environment objectively was hostile or abusive, that is, that it was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of his educational environment." *Id.* In addition, an educational institution will be liable under Title IX if the plaintiff "establish[es] that a school official with authority to address the alleged [harassment] and to institute corrective measures had actual knowledge of the discrimination and failed to adequately respond." *Id.* (internal quotation marks omitted). The statute of limitations for a Title IX claim based on conduct occurring in New York is three years. *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004).

According to Irrera's original complaint, in the spring of 2010, Humpherys made an unwanted sexual advance toward Irrera by caressing Irrera's shoulder and rubbing his hands up and down Irrera's arms for approximately four minutes during a piano lesson. Humpherys also leaned his crotch into Irrera's back during the same lesson. Irrera also alleged that, over a year later, in April and November 2011, Humpherys caused the panel of professors judging Irrera's first two solo piano recitals to fail Irrera in retaliation for having rejected Humpherys' purported sexual advances. Because Irrera filed his action on June 24, 2015, over three years after any of the alleged conduct took place, his Title IX claims premised on Humpherys' actions would be untimely.

Nevertheless, Irrera, by way of an amended complaint, alleged that Humpherys took additional actions against him between 2012 and 2014: Humpherys winked at him, blew kisses at him, raised his eyebrows at him, and looked up and down at him in a sexual manner when they encountered each other in Eastman's common areas. Irrera contended below, as he does again on appeal, that these additional actions established a "continuing violation" of Title IX sufficient to render all of Humpherys' actions, including the 2010 and 2011 actions, timely. The District Court held that these new allegations failed to establish a "continuing violation" for purposes of the statute of limitations and, thus, Irrera's Title IX claims stemming from Humpherys' 2010 and 2011 alleged conduct were untimely. The District Court also held that Irrera's allegations about Humpherys' facial expressions did not plausibly establish stand-alone Title IX claims. We agree.

"[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *National Railroad Passenger Corp v. Morgan*, 536 U.S. 101, 113 (2002). With respect to hostile educational environment claims, however, which "depend upon proof of repeated conduct extending over a period of time," *Morgan*, 536 U.S. at 120 n.12, "a sexually offensive incident within the limitations period permits consideration of an incident preceding the limitations period only if the incidents are sufficiently related." *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 77 (2d Cir. 2010).

3

The unwanted sexual touching and retaliation allegedly committed by Humpherys in 2010 and 2011 and the allegedly sexual facial expressions made by Humpherys between 2012 and 2014 were discrete acts of harassment separated by multiple years of inactivity. *See Lambert*, 10 F.3d at 53 (affirming the dismissal of Title VII claims as time barred where "plaintiffs failed to produce evidence of any [discriminatory] policy or mechanism"). Therefore we conclude that the "continuing violation exception" does not apply and the District Court correctly held that Irrera's claims concerning Humpherys' 2010 and 2011 acts are barred by the three-year statute of limitations.

Irrera's allegations regarding Humpherys' facial expressions also do not plausibly establish a stand-alone hostile educational environment claim. Irrera does not plausibly allege that Humpherys' sporadic winks, leers, and blown kisses were "sufficiently severe or pervasive to alter the conditions of his educational environment." *Papelino*, 633 F.3d at 89*; see Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (explaining that "isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness"). Accordingly, the District Court correctly dismissed Irrera's Title IX hostile educational environmental claim arising out of Humpherys' 2012 to 2014 behavior.

## CONCLUSION

For the foregoing reasons, the May 24, 2016, Order is **AFFIRMED in part** with respect to Irrera's Title IX, NYHRL, and NYCRL discrimination and hostile work environment claims**,** and for the reasons set forth in an opinion filed this day, is **REVERSED in part** with respect to Irrera's Title IX, NYHRL, and NYCRL retaliation claims**, and REMANDED** for further proceedings consistent with that opinion.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] The District Court declined to exercise supplemental jurisdiction over Irrera's remaining state and common law claims, including his breach of contract claim, because it had dismissed all of Irrera's federal claims. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). On remand, the District Court should reconsider its decision regarding its exercise of supplemental jurisdiction.

4