15-421-cv
Woldeselassie v. American Eagle Airlines, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand sixteen.

PRESENT: PIERRE N. LEVAL,
CHRISTOPHER F. DRONEY,
*Circuit Judges,*
PAUL A. ENGELMAYER,*
*Judge.*

_____

ELENI WOLDESELASSIE,

*Plaintiff-Appellant*,

v.                                                                                     No. 15-421-cv

AMERICAN EAGLE AIRLINES, INC., AMERICAN
AIRLINES, INC., LINDA KUNZ, LISA SNYDER,
SUSAN PIPER, BRANDI ARAUJO, TODD STEPHEN,
CAROL HARPER, MEC GRIEVANCE
CHAIRPERSON (AFA REP), JON OROZCO, LEC
58 VICE PRESIDENT (AFA REP), ASSOCIATION
OF FLIGHT ATTENDANTS-CWA, AFL-CIO, AFA
UNION, RICHARD WREDE, ESQUIRE - AFA

_____

* Judge Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

1

LEGAL DEPARTMENT, DEBBIE LYNCH, AFA
LEGAL DEPARTMENT,

                          *Defendants-Appellees*.†

------------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | ELENI WOLDESELASSIE, pro se, New York, NY. |
| FOR DEFENDANTS-APPELLEES: | ANJANETTE CABRERA, Constangy, Brooks, Smith & Prophete LLP, New York, NY, *for* American Eagle Airlines, Inc., American Airlines, Inc., Linda Kunz, Lisa Snyder, Susan Piper, Brandi Araujo and Todd Stephen. |
| | THOMAS M. MURRAY (Susan M. Jennik, *on the brief*), Kennedy, Jennik & Murray, P.C., New York, NY, for Association of Flight Attendants-CWA, AFL-CIO, Carol Harper, MEC Grievance Chairperson (AFA Rep), Jon Orozco, LEC 58 Vice President (AFA Rep), AFA Union, Richard Wrede, Esquire – AFA Legal Department and Debbie Lynch, AFA Legal Department |

Appeal from a February 2, 2015 opinion and order of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Eleni Woldeselassie, proceeding pro se, appeals the district court's judgment granting Appellees American Airlines, Inc., American Eagle, Inc. (together "American Eagle"), individual employees of American Eagle, the Association of Flight Attendants ("AFA" or the "Union"), and individual Union representatives summary judgment on her claims alleging interference and retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), claims alleging violation of the Americans with Disabilities Act, and state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, with the view that

---

† The Clerk of Court is directed to amend the caption to conform to the caption above.

"[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We resolve all ambiguities and draw all factual inferences in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n,Inc.*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

We conclude that the district court correctly granted summary judgment on Woldeselassie's FMLA interference claim because the evidence did not establish that she was entitled to such leave at the time it was denied. *See* 29 U.S.C. §§ 2611(2)(D), 2615(a)(1); *Graziadio v. Culinary Inst. of Am.*, No. 15-888-cv, 2016 WL 1055742, at *6 (2d Cir. Mar. 17, 2016). Woldeselassie had to have worked or been paid for 504 hours in the calendar year before filing for FMLA leave in order to be eligible. 26 U.S.C § 2611(2)(D). American Eagle submitted evidence to the district court that Woldeselassie had worked less than 300 hours in the year before applying for FMLA leave. District Ct. Dkt. No. 124. Woldeselassie submitted a set of paystubs and other documents, but did not include an explanation as to how they demonstrated her FMLA eligibility. District Ct. Dkt. No. 103. Woldeslassie has therefore failed to raise a genuine issue of material fact.

The district court also correctly granted summary judgment with respect to Woldeselassie's FMLA retaliation claim because the evidence Woldeselassie presented did not give rise to an inference of retaliatory intent. *See Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004) (per curiam). The record reflects that Woldeselassie had exercised her right to FMLA leave in the past without any negative consequences, and that she was given a warning related to her attendance approximately a year before she first took FMLA leave. She was also given a number of opportunities to attend meetings regarding her attendance, and was warned that failure to attend was grounds for termination.

Woldeselassie's claims against AFA lack merit because she failed to present any evidence that it discriminated against her and also because she failed to exhaust her administrative remedies. *See Curto v. Edmundson*, 392 F.3d 502, 503 (2d Cir. 2004) (stating that the failure to administratively exhaust discrimination claims is basis for dismissal).

Woldeselassie has waived her remaining claims by failing to sufficiently argue them in her brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995)

(concluding that pro se appellant abandoned issue by failing to raise it in his appellate brief). Although she mentions all of her claims in her statement of jurisdiction, she only substantively addresses the FMLA claims and the claims against AFA.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk